# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO ARELLANO,<br><br>Defendant. | Case No. 1:24-cr-00135-NODJ-BAM-1<br><br>ORDER DENYING MOTION FOR BAIL REVIEW<br><br>(ECF Nos. 105, 110) |

Currently before the Court are Defendant Fernando Arellano's motion for bail review. (ECF No. 105, 110.)[1] For the reasons stated on the record, the Court will deny the motion for bail review.

**I.**

**BACKGROUND**

On May 28, 2024, a criminal complaint charged Fernando Arellano ("Defendant") with conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1). (ECF No. 1.) On May 31, 2024, an arrest warrant was executed on Defendant, Defendant appeared for an initial appearance, and a detention hearing was scheduled. (ECF Nos. 12, 21.) On June 6, 2024, a detention hearing was held before the Hon. Erica P. Grosjean, and the Court ordered Defendant be detained because clear and convincing evidence established that no condition or combination

---

[1] On March 13, 2025, Defendant filed a motion for bail review, and on March 19, 2025, the Court was set to hear the motion but the parties agreed to continue the matter in order to allow Defendant to file supplemental briefing. (ECF Nos. 105, 109.) Instead of filing a brief, Defendant filed a subsequent motion for bail review (ECF No. 110), and the Court will construe the two filings as a single motion.

of conditions would reasonably assure the safety of any other person and the community. (ECF No. 44.)

On June 13, 2024, an indictment was filed charging Defendant with conspiracy to distribute and possess with intent to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). (ECF No. 51.) On that same date, Defendant was arraigned and entered a plea of not guilty. (ECF No. 55.) On September 15, 2024, Defendant moved for a bail review arguing that Defendant needed immediate surgery for a hernia repair. (ECF No. 77.) That hearing was conducted before the Hon. Barbara A. McAuliffe on September 23, 2024, and the Court denied the motion. (ECF No. 84.)

On March 13, 2025, Defendant again moved for a bail review again citing Defendant's need for an immediate surgery for hernia repair. (ECF No. 105.) The Court continued the hearing on this motion for bail review to allow for supplemental briefing. (ECF No. 109.) On March 21, 2025, Defendant filed a subsequent motion for bail review. (ECF No. 110.) This time, Defendant reargued his medical condition but also argued that changed circumstances existed as to an increase in the collateral offered. (ECF No. 110, p. 4.) The United States opposed, arguing first that nothing had changed from Defendant's first motion for bail review. (ECF No. 111.) Regarding the increase in collateral, the United States agreed that Defendant's proposed $25,000 cash bond from a settlement was new information and requested a Nebbia hearing. (Id.); see United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966). Notwithstanding if the bond could be Nebbia sourced, the United States argued that such a bond would not address Defendant's danger to the community. (Id.)

The Court granted the United States' request for a Nebbia hearing and set both the Nebbia hearing and the motion for bail review to be heard on April 9, 2025. (ECF No. 112.) On April 8, 2025, the United States filed a status report detailing the efforts between the parties to settle the Nebbia issue out of court. (ECF No. 113.) While the United States stated it was satisfied that Defendant had received a settlement, it noted that it had not been provided any independent evidence that such settlement funds were deposited to Defendant's sister. (Id.)

At the April 9, 2025 hearing, the Court began by asking the United States whether it still

required a Nebbia hearing. Then, following proffers from Defendant and discussion with counsel, the parties agreed that the sum of $18,000 did not implicate Nebbia. Regarding the source of the remaining $7,000, Defendant informed the Court that the witness for this sum was not present to testify. Thus, the Court found that Defendant waived any argument regarding the $7,000. Because the parties agreed that Defendant could put forth a cash bond of $18,000, the Court found that there was no need for a Nebbia hearing and moved on to Defendant's bail review.

## II.

## LEGAL STANDARD

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." United States v. Ward, 63 F. Supp. 2d 1203, 1206 (C.D. Cal. 1999) (collecting cases); United States v. Terrone, 454 F. Supp. 3d 1009, 1017 (D. Nev. 2020) (same).

If a defendant passes that bar and the court reopens the detention hearing, then the government must show a risk of nonappearance by a preponderance of evidence, United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985), and danger by clear and convincing evidence, United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). Once a court determines that the government has made the required showing, the Bail Reform Act allows the release of a defendant only if the court finds that a condition or combination of conditions would reasonably assure the defendant's appearance or the safety of the community. Courts are to consider the factors provided in Section 3142(g) of Title 18 and make an "individualized" determination on the need for detention. United States v. Scott, 450 F.3d 863, 874 (9th Cir. 2006); United States v. Hir, 517 F.3d 1081, 1086, 1090-93 (9th Cir. 2008). The Section 3142(g) factors are: (1) the

nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III.

## ORDER

Defendant moved for bail review for two reasons. First, Defendant's medical condition. The Cour takes the time here to explain that medical issues have little bearing "on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). In addition, as the Court explained in the hearing, Defendant's medical condition was known to him during both the initial detention hearing as well as directly before the Court on Defendant's September 15, 2024 motion for bail review. (See ECF No. 105, ¶ 4.) Thus, two judicial officers were aware of this medical issue and denied Defendant's release. Therefore, the Court emphasizes that Defendant's argument regarding his medical condition is not an appropriate basis for this Court to conduct a bail review as this information did not constitute new information. Additionally, the fact that he needs a medical procedure also does not constitute new information for purposes of a bail review.

Second, Defendant argues that his ability to put forth a cash bond of $18,000 demonstrates a changed circumstance. On this, the Court agrees and finds it appropriate to review the motion. Based on the information presented at the hearing held on April 9, 2025, and for the reasons stated on the record by the Court, IT IS HEREBY ORDERED that Defendant's motion for bail review (ECF Nos. 105, 110) is DENIED.

IT IS SO ORDERED.

Dated: **April 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5