UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO ARELLANO,<br><br>Defendant. | No. 1:24-cr-00135-TLN-BAM<br><br>**ORDER** |

This matter is before the Court on Defendant Fernando Arellano's ("Defendant") Motion to Revoke the Magistrate Judge's Order. (ECF No. 116.) The Government filed an opposition. (ECF No. 121.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion to revoke.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged in the Indictment with conspiracy to distribute over 500 grams of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (ECF No. 51.) On May 31, 2024, Defendant made his initial appearance and was ordered temporarily detained pending a detention hearing. (ECF No. 21.) On June 6, 2024, the magistrate judge held a detention hearing and ordered Defendant detained. (ECF No. 42.) On September 15, 2024, Defendant filed a motion for bail review. (ECF No. 77.) On September 3, 2024, the magistrate judge denied Defendant's motion for bail review. (ECF No. 84.) On March 21, 2025, Defendant filed a second motion for bail review. (ECF No. 110.) On April 9, 2025, the magistrate judge denied Defendant's motion for bail review. (ECF Nos. 114, 115.) On April 15, 2025, Defendant filed the instant motion to revoke the magistrate judge's order of detention. (ECF No. 116.)

## II. STANDARD OF LAW

Under the Bail Reform Act, courts may detain a defendant prior to trial only where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When the Government seeks pretrial detention, it must establish by a clear preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *see also* 18 U.S.C. § 3142(f). In determining whether the Government has met its burden, courts consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

"Doubts regarding the propriety of release should be resolved in favor of the defendant." *Motamedi*, 767 F.2d at 1405; *see also United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). Further, a court must release the defendant from pretrial detention under the least restrictive condition or combinations of conditions that will reasonably assure the appearance of

the person and safety of the community. *Motamedi*, 767 F.2d at 1405.

### III. ANALYSIS

Defendant argues the Court should revoke the magistrate judge's detention order as he would not be a threat if he were released on the most restrictive conditions. (ECF No. 116 at 5.) Defendant contends, while he has a criminal history, it appears none of his crimes were of violence against another and Defendant has not failed to appear. (*Id*. at 2.) Defendant further contends he has offered collateral to the Court — real property with $90,000 equity, $20,000 secured bond, and $18,000 cash bond — and the following proposed conditions for release: surrender of his passport; regular drug tests; home confinement; location monitoring; and restricted travel for medical and legal appointments. (*Id*.)

The Government argues Defendant has not overcome the presumption of detention that exists in drug offenses with a potential sentence of 10 years or more. (ECF No. 121 at 3.) Specifically, the Government contends Defendant is charged with a serious drug offense involving over 500 grams of methamphetamine, carrying a potential life sentence. (*Id*.) The Government further argues the nature and circumstances of the offense are serious as Defendant is a senior gang member who had a leadership role in a drug trafficking operation and while he is not charged with firearm-related offenses, approximately 100 rounds of 9mm and .223 ammunition were located at his residence during the service of search warrants in the instant case. (*Id*. at 4.) In addition, the Government contends the weight of the evidence against Defendant is strong as it includes wiretap recordings and observations of him delivering methamphetamine. (*Id*.) Finally, the Government claims Defendant poses an extreme danger to the community due to his gang leadership and drug trafficking activities and Defendant's proposed conditions do not mitigate the risk to the community. (*Id*.)

The Court has reviewed the filings in this case, including the Pretrial Services Reports. Defendant has a lengthy criminal history dating back to 2004 which includes over 40 arrests, including several arrests for participating in a criminal street gang, driving under the influence, stalking, threatening with intent to terrorize and burglary. Defendant has engaged in a pattern of similar criminal activity, has gang affiliations, and has a history of substance abuse. Further,

3

Defendant was on probation at the time the alleged conduct in the instant case took place. Defendant does not meaningfully discuss the foregoing factors, and Defendant's conclusory argument that he "would not be a threat if released" is insufficient. Further, Defendant does not specifically address flight risk, but the Court bases its finding on danger.

Based on the record before the Court, the Court finds Defendant fails to rebut the presumption of dangerousness. Moreover, the Government has shown by clear and convincing evidence that Defendant poses a danger to the community and that no condition or combination of conditions will reasonably assure the safety of the community.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to revoke. (ECF No. 116.)

IT IS SO ORDERED.

**DATED: May 14, 2025**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE