MICHELE BECKWITH
Acting United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:24-CR-00135-TLN-BAM |
|---|---|
| Plaintiff, | STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION OF DISCOVERY; PROTECTIVE ORDER RE: SAME |
| v. | |
| FERNANDO ARELLANO, | |
| Defendants. | |

WHEREAS, this Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d) and its general supervisory authority.

WHEREAS, the evidence in this case (including but not limited to law enforcement reports, recorded communications, transcripts of those communications, cell phone extractions, etc.) (the "discovery") contains private personal identifying information regarding the defendants and other third parties, including but not limited to social security numbers, birth dates, residences. etc. as well as private financial information (such as bank and other financial records) regarding the defendants and other third parties;

1

1    WHEREAS, the discovery in this case also includes communications between charged and
2 uncharged persons, including communications recorded by witnesses and confidential sources, as well
3 as information shared with law enforcement by witnesses and confidential sources;

4    WHEREAS, the parties desire to avoid (1) the necessity of large-scale redactions, (2) the
5 unauthorized dissemination or distribution to anyone not a party to the court proceedings in this matter,
6 and (3) the risk of harm (financial and/or physical) to the individuals identified in those materials,
7 including by dissemination of the discovery by defendants;

8    The parties agree that entry of a stipulated protective order is appropriate.

9    THEREFORE, the below-listed defendants, by and through their undersigned counsel of record
10 ("Defense Counsel"), and the United States of America, by and through Assistant United States
11 Attorney Robert L. Veneman-Hughes, hereby agree and stipulate as follows:

12    1.    This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of
13 Criminal Procedure, and its general supervisory authority.

14    2.    This Order pertains to all discovery provided to or made available to Defense Counsel in
15 this case.

16    3.    The discovery is for the exclusive use of defense counsel who are either assigned to or
17 consulting on this case, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks
18 assisting counsel in this case ("the Defense").  The parties agree that the Defense may review the discovery
19 with the defendant or other necessary third parties only in the presence of a member of the Defense and
20 **may NOT provide a copy of the discovery to or leave a copy of the discovery with the defendant or**
21 **other necessary third party. The defendant or other necessary third party may NOT retain copies**
22 **of the discovery in any form, including but not limited to notes or photographs concerning the**
23 **contents of the discovery.**

24    4.    That if, in the course of preparing the defense counsel in this case, any member of the
25 Defense seeks to leave a copy of any discovery item with any person outside of the Defense (such as to a
26 necessary third-party or the defendant), counsel of record must meet and confer with the government
27 before doing so, in an attempt to reach an agreement on the scope of the disclosure as well as any necessary

28

2

redactions. If no agreement can be reached, defense counsel shall obtain written authorization from the Court, after providing the government with an opportunity to be heard and oppose. Any authorization given by the court shall require that any such person to whom the discovery is disclosed agrees to be bound by the terms of the Protective Order. That is, that the third party and/or the defendant who is permitted under separate court order to retain notes, copies, or photographs of the discovery shall be barred from sharing copies of those items of discovery with anyone other than the Defense.

5. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America ("Government"). Defense Counsel will return the discovery to the Government or alternatively keep it archived within its sole possession at the conclusion of the case.

6. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons (or even the defendant) in violation of this agreement.

7. Defense Counsel shall be responsible for advising the Defendant, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

8. In the event that Defendant substitutes counsel, undersigned Defense Counsel agrees to return the discovery to the government, or, at the request of government counsel, to forward it to new counsel after new counsel has confirmed to government counsel in writing his or her agreement to the terms of this Order.

9. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

IT IS SO STIPULATED.

Dated: May 19, 2025                    By:     /s/ Adilene Flores Estrada
                                                Adilene Flores Estrada
                                                Attorney for Defendant
                                                Fernando Arellano

Dated: May 19, 2025            MICHELE BECKWITH
                                          Acting United States Attorney

                           By:    /s/ Robert L. Veneman-Hughes
                                    Robert L. Veneman-Hughes
                                    Assistant U.S. Attorney

IT IS SO ORDERED.

Dated: **May 21, 2025**           /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE